# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# NORTHERN DIVISION

**BRIAN MOORE,** *individually, and on behalf of himself and other similarly situated current and former employees,*

    Plaintiff,

    v.

**ANYTIME TOWING & RECOVERY, LLC,** *a Tennessee Limited Liability Company,*

    Defendant.

NO. _____

FLSA Opt-In Collective

**JURY TRIAL DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Brian Moore ("Plaintiff"), individually, and on behalf of himself and all other similarly situated current and former employees of Anytime Towing & Recovery, LLC ("Defendant") brings this collective action against Defendant and alleges as follows:

## I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid minimum wages and overtime compensation, and other damages owed to Plaintiff and other similarly situated current and former employees of Defendant, as defined herein.

## II. JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant in this district and performed work for Defendant in this district at all times relevant to this action. Moreover, Defendant regularly conducted and continues to conduct business in this district, and has engaged, and continues to engage, in FLSA violations alleged herein in this district during all material times in this cause.

### III. CLASS DESCRIPTION

4. Plaintiff Brian Moore brings this action on behalf of himself and the following similarly situated class of employees who routinely and regularly performed work for Defendant on a weekly basis as vehicle drivers during all times material to this action. Plaintiff Moore seeks to certify and represent a collective class of current and former employees of Defendant as vehicle drivers within weekly pay periods during the applicable statutory limitations' period to this action, pursuant to 29 U.S.C § 216 (b) of the FLSA, as follows:

> All current and former employees of Anytime Towing & Recovery, LLC who performed work as vehicle drivers and who were not compensated at least at the FLSA minimum wage rate of pay for all hours worked of 40 hours or less within weekly pay periods and/or who were not compensated at the FLSA overtime compensation rate of one and one-half times their regular hourly rate of pay for all hour worked over 40 per week within weekly pay periods, and who work (or have worked) in such positions anywhere in the United States during the applicable limitation's period covered by this Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "class members").[1]

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

## IV. PARTIES

5. Plaintiff Brian Moore has been employed by and performed work for Defendant as a vehicle driver within this district during the applicable statutory limitations' period herein. Plaintiff Moore's Consent to Join this Collective Action is attached hereto as *Exhibit A*.

6. Defendant Anytime Towing & Recovery, LLC is a Tennessee Corporation with its principal office located at 1010 Cedarwood Street, Knoxville, Tennessee 37914-3470. Defendant has been the "employer" of Plaintiff and those similarly situated as that term is defined under the FLSA during all times material to this action. According to the Tennessee Secretary of State, Defendant can be served process through its registered agent: Walter Parker, 1010 Cedarwood Street, Knoxville, Tennessee 37914-3470.

## V. ALLEGATIONS

7. Defendant owns and operates a mixture of larger tow trucks and smaller "snatch" trucks in which it tows and recovers vehicles in Knoxville, Tennessee and the surrounding area. Its vehicles consist of trucks with a gross vehicle weight rating ("GVWR") in excess of 5 tons and "snatch" trucks with a GVWR of less than five (5) tons. Plaintiff and those similarly situated were trained and expected to drive both larger trucks weighting in excess of 5 tons and smaller "snatch" trucks weighing less than 5 tons in towing and recovering vehicles for Defendant.

8. Plaintiff and other similarly situated drivers drove "snatch" trucks weighing less than 5 tons within weekly pay periods during all times material to this action.

9. At all times material to this Collective Action, Plaintiff and those similarly situated were compensated only at a percentage of the Company's tow and recovery charges to customers.

10. Within weekly pay periods during all times material to this cause of action, Defendant paid Plaintiff and those similarly situated at the same rate of pay for overtime hours (over 40 per week) as it paid them for hours under 40 per week.

11. By compensating Plaintiff and those similarly situated only at the same rate for hours worked over 40 per week as paid for hours worked under 40 per week, Defendant failed to pay them one and one-half times their regular hourly rate of pay for all hours worked over 40 hours per week within weekly pay periods during all times material, as required by the FLSA.

12. Upon information and belief, Plaintiff and others similarly situated worked for Defendant without receiving at least the FLSA minimum wage rate of pay of $7.25 per hour for such work.

13. The unpaid minimum wage and unpaid overtime compensation claims of Plaintiff and other similarly situated drivers are unified through a common theory of Defendant's FLSA violations.

14. Defendant has been the "employer" of the Plaintiff and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Original Collective Action Complaint.

15. Defendant was responsible for establishing and administering pay policies and practices that related to Plaintiff and those similarly situated.

16. Plaintiff and those similarly situated have been "employees" of Defendant, as defined by Section 203(e)(1) of the FLSA, and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit during all times material to this Original Collective Action Complaint.

17. Defendant has been an enterprise engaged in commerce and in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 during all times material to this Collective Action.

18. At all times material to this action, Defendant has been subject to the pay requirements of the FLSA because it is an enterprise in interstate commerce and in the production of goods in interstate commerce, and their employees have been engaged in interstate commerce.

19. Defendant is not entitled to an overtime exemption for overtime work in which Plaintiff and those similarly situated drove (or were expected to drive if so called) "snatch" trucks weighing less than 5 tons within weekly pay periods during all times material to this action.

20. Defendant failed to record all the hours worked (including overtime hours worked) of Plaintiff and those similarly situated and thus failed to keep proper time and payroll records as required by the FLSA.

21. Defendant is unable to bear its burden of showing Plaintiff and class members were within any of the FLSA overtime exemptions during all times material.

22. The net effect of Defendant's aforementioned FLSA violations was a scheme to save on payroll costs and payroll taxes for which Defendant has enjoyed ill gained profits at the expense of Plaintiff and the members of the class.

23. Although at this stage Plaintiff is unable to state the exact amount owed to him and class members, he believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of himself and class members as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

25. Plaintiff's claims under the FLSA may be pursued by those who opt-in to this cause of action under 29 U.S.C. § 216(b).

26. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of class members is unknown to Plaintiff at this time, and can only be ascertained through applicable discovery, he believes there are more than 60 individuals in the class putative.

27. The unpaid minimum wage and unpaid overtime compensation claims of Plaintiff and class members are united through a common theory of Defendant's FLSA statutory violations.

28. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the classes individually and include, but are not limited to, the following:

    - Whether Plaintiff and other members of the class were required to perform work for Defendant within weekly pay periods during all times material without being compensated by at least the FLSA minimum wage requirements for such work.

    - Whether Defendant failed to pay Plaintiff and members of the class all the overtime compensation due to them for all the hours worked in excess of 40 hours per week within weekly pay period during all times relevant;

    - Whether Plaintiff and other members of the class were paid for all of the hours they spent working;

    - The correct statutes of limitation for the claims of Plaintiff and members of the class;

    - Whether Plaintiff and members of the class are entitled to damages, including, but not limited to liquidated damages, and the measure of the damages; and

- Whether Defendant is liable to Plaintiff and class members for interest, attorneys' interest, fees, and costs.

29. Plaintiff will fairly and adequately protect the interests of class members as his interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the respective class members, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

30. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of this controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

31. Defendant's failure to pay Plaintiff and class members at least the minimum wage rate of $7.25 per hour for all hours worked within weekly pay periods during all times material was willful with reckless regard to established FLSA minimum wage requirements and devoid of any good faith basis.

32. Defendant's failure to pay Plaintiff and class members at least the applicable FLSA overtime rate of pay of one and one-half times their regular hourly rate of pay for all hours worked in excess of 40 per week within weekly pay periods during all times material was willful with reckless regard to established FLSA minimum wage requirements, and devoid of any good faith basis.

33. Plaintiff and the members of the class have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

## COUNT I
## **FLSA MINIMUM WAGE VIOLATIONS**

34. Plaintiff, on behalf of himself, individually, and on behalf of himself and other class members, repeats and re-alleges Paragraphs 1 through 33 above as if they were set forth herein.

35. At all times relevant herein, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

36. At all times relevant herein, Defendant has employed Plaintiff and class members as "employees" within the meaning of the FLSA.

37. Defendant has required, induced, expected and/or, suffered and permitted, Plaintiff (and on information and belief) other class members to perform work for it within weekly pay periods during all times material without compensating them at least at the FLSA required minimum wage rate of pay of $7.25 per hour for all such hours worked.

38. Defendant has had actual, as well as constructive, knowledge of willfully refusing to pay Plaintiff (and on information and belief) other class members without compensating them at least at the FLSA required minimum wage rate of pay of $7.25 per hour for all hours worked within weekly pay periods during all times material to this action

39. Defendant acted willfully, and without a good faith basis, in its failure to pay Plaintiff and class members at least at the FLSA required minimum wage rate of pay of $7.25 per hour for all hours worked within weekly pay periods during all times material to this action

40. As a result of Defendant's willful failure to compensate Plaintiff and class members at least at the FLSA required minimum wage rate of pay of $7.25 per hour for all hours worked within weekly pay periods during all times material, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

41. Due to Defendant's willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and class members members are entitled, and hereby seek, to recover from Defendant compensation for unpaid minimum wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

42. The aforementioned unpaid minimum wage claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

## COUNT II
## FLSA OVERTIME VIOLATIONS

43. Plaintiff, on behalf of himself, individually, and on behalf of himself and class members, repeats and re-alleges Paragraphs 1 through 42 above as if they were set forth herein.

44. At all times relevant herein, Defendant has been, and continues to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all times relevant herein, Defendant has employed Plaintiff and class members as "employees" within the meaning of the FLSA.

46. Defendant failed to pay Plaintiff and class members one and one-half times their regular hourly rate of pay for all hours over 40 per week within weekly pay periods during all times material.

47. At all times relevant herein, Defendant had had actual, as well as constructive, knowledge of failing to pay Plaintiff and class members for hours worked over 40 per week within weekly pay periods at the applicable FLSA overtime rate of pay.

48. Defendant acted willfully and with reckless disregard to FLSA overtime compensation requirements and, without a good faith basis, in its failure to pay Plaintiff and class

9

members overtime compensation for all hours worked over 40 per week within applicable weekly pay periods during all times relevant to this action.

49. As a result of Defendant's willful failure to compensate Plaintiff and class members fully at the applicable FLSA overtime rate of pay for all hours worked in excess of 40 within applicable weekly pay periods, it has violated (and continues to violate) the FLSA, 29 U.S.C. § 255(a).

50. Due to Defendant's willful FLSA violations and lack of a good faith basis, as described above, Plaintiff and class members are entitled, and hereby seek, to recover from Defendant compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

51. The unpaid overtime compensation claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

## **PRAYER FOR RELIEF**

WHEREAS, Plaintiff, individually, and on behalf of himself and all other class members, requests this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf Plaintiff and class members and promptly issue notice pursuant to 29 U.S.C. § 216(a), apprising class members of the pendency of this action and permitting other class members the right to opt-in to this action and assert timely FLSA claims by filing individual consents under 29 U.S.C. § 216(b);

B. On Counts I, an award of compensation for unpaid minimum wages to Plaintiff and class members;

C.  On Counts II, an award of compensation for unpaid overtime wages to Plaintiff and class members;

D.  On Counts I and II, an award of liquidated damages to Plaintiff and class members;

E.  On Counts I and II, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and class members;

F.  On Counts I and II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and class members;

G.  On Counts I and II, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

H.  Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **TRIAL BY JURY** on all issues so triable.

Dated:  December 21, 2020.                    Respectfully Submitted,

                                                        */s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER, HOLT, OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for Plaintiffs*